IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


BARRY RANDOLPH,
    Plaintiff,

vs.                                               Case No: 3:16cv158/RV/EMT

FLORIDA BAR ASSOCIATION,
SHANELL SCHUYLER, and
JEFFREY PICKER,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court upon Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff has also moved for leave to proceed in forma pauperis (ECF No. 5). Upon review of Plaintiff's complaint, the court concludes that this case must be dismissed for lack of jurisdiction under the Rooker-Feldman doctrine.

A federal court must dismiss a case whenever it appears the court lacks subject matter jurisdiction. Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001); Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). The absence of jurisdiction may be raised at any time during the case, and may be based on the court's review of the evidence. Lovern, 190 F.3d at 653 (citations omitted). Addressing jurisdictional

issues at the outset of the litigation is often the most efficient procedure. *Id.* (citations omitted).

Plaintiff names as Defendants in this action the Florida Bar Association as well as two attorneys working within it. Plaintiff alleges he filed a complaint with the Florida Bar Association concerning attorney James Rebarchak, who was opposing counsel in a civil case proceeding filed in 2003 in the State of Florida, <u>Randolph vs. Solutia Inc.</u>, Case No: 172003CA1815. Plaintiff's complaint with the Florida Bar asserted that attorney Rebarchak was licensed in Alabama but not Florida, and as a consequence he could not legitimately represent the defendant in his Florida civil case. Mr. Rebarchak had evidently appeared *pro hac vice* in the case, but Plaintiff took the position that there was no appearance, or at least not a proper one under the Florida Bar's administrative rules (ECF No. 1 at 3). On behalf of the Florida Bar, Defendant Jeffrey Picker dismissed his claim, whereupon Plaintiff appealed the matter to the Florida Supreme Court on two occasions, but each time the Court dismissed the appeal (*id.* at 4). Plaintiff claims the Florida Bar did not supply the necessary copies of exhibits and the complaint to the Supreme Court for proper review. Plaintiff thereby claims violations of his "Sixth Amendment right to confront and cross-examine" and his Fifteenth Amendment right to due process (*id.* at 8). As relief, Plaintiff seeks an order from this court to "place plaintiffs [sic] arguments before the

Case No.: 3:16cv158/RV/EMT

Florida Supreme Court" and an order forcing the Florida Supreme Court to permit an out-of-time appeal from Plaintiff (*id.* at 8).

The Rooker-Feldman doctrine places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation. *See* Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476–82, 103 S. Ct. 1303, 1311–15, 75 L. Ed. 2d 206 (1983). The Eleventh Circuit has described the Rooker-Feldman doctrine as follows:

> The Rooker-Feldman doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts. The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are "inextricably intertwined" with a state court judgment. A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.

Siegel v. LePore, 234 F.3d 1163, 1172 (11th Cir. 2000) (en banc) (citations and quotations omitted).

Because proceedings before a state bar are considered judicial in nature, they are subject to the Rooker-Feldman doctrine. *See* Tindall v. The Florida Bar, No. 97-387-CIV-T-17C, 1997 WL 689636, at *4 (M.D. Fla. Oct. 14, 1997). This is the case even if the Florida Supreme Court simply declined review of the case as Plaintiff

alleges.  Doe v. Florida Bar, 630 F.3d 1336, 1340–42 (11th Cir. 2011).  The Feldman case itself concerned matters of bar admission, where the Supreme Court of the United States found that a district court did not have subject matter jurisdiction to review a state Supreme Court's denial of an admission application, even if the challenge was couched in terms of a deprivation of federal due process and equal protection.  Feldman, 460 U.S. at 484–85, 103 S. Ct. at 1316; *see also* Fox v. Florida, 138 F. App'x 194, 196–97 (11th Cir. 2005); Brown v. Florida Bar, No. 2:08-cv-308-FtM-29SPC, 2009 WL 1513999, at *6 (M.D. Fla. May 29, 2009).  Plaintiff's proper avenue for federal relief would have been to file for a writ of certiorari with the United States Supreme Court.  Fox, 138 F. App'x at 194.

In the instant case, Plaintiff seeks to challenge the final decision of the Florida Supreme Court as a matter of due process, to be allowed better access to the facts and evidence in the case, or to be able to present them to the Court.  It is evident that his due process argument is a means to an end: having opposing counsel, Mr. Rebarchak, barred from the proceedings in his underlying state case, or to obtain a declaration that Mr. Rebarchak's representation was inappropriate under the rules of the Florida Bar.  This amounts to a relitigation of his case and is subject to the Rooker-Feldman doctrine.

It is further noted that, even if the court were able to take jurisdiction over this case, Plaintiff's claims would fail because he lacks standing to pursue them. The purpose of proceedings before the Florida Bar is to protect the public, not vindication of private rights. Brown, 2009 WL 1513999, at *3 (citing Application of Harper, 84 So. 2d 700, 702 (Fla. 1956) and Tyson v. Fla. Bar, 826 So. 2d 265 (Fla. 2002)). Only the rights of the attorney who is subjected to the proceedings are implicated, and consequently only that attorney has standing to challenge the proceedings. *Id.*; Smith v. Shook, 237 F.3d 1322, 1324–25 (11th Cir. 2001). Plaintiff's role is essentially that of a complaining witness, who has no authority to direct the prosecution or advancement of the case. Brown, 2009 WL 1513999, at *3.

Accordingly, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED** for lack of jurisdiction.

At Pensacola, Florida, this 3rd day of May 2016.

>	/s/ *Elizabeth M. Timothy*
>	**ELIZABETH M. TIMOTHY**
>	**CHIEF UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**